IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michael McFatridge and Ekl Williams, LLC, | ) ) ) |
| Plaintiffs, | ) ) No. 10 C 5599 |
| v. | ) ) ) Judge Edmond E. Chang |
| Scottsdale Indemnity Company, National Casualty Insurance Company, Imperial Casualty and Indemnity Company, and White Mountain Re Solutions, Ltd., | ) ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael McFatridge alleges that various insurance companies owe him a duty to defend two lawsuits against him in the Central District of Illinois; his co-plaintiff is the law firm of Ekl Williams, which is representing him in the two Central District lawsuits. Plaintiffs seek immediate payment of the costs of defense as well as a declaration that the insurance companies owe a duty to defend. Defendants Scottsdale Indemnity Company and National Casualty Insurance Company move to transfer venue to the Central District of Illinois pursuant to 28 U.S.C. § 1404(a).[1] R. 23.[2] After reviewing the relevant factors, the Court grants Defendants' motion to

---

[1]After making an inquiry into the basis of subject matter jurisdiction, the parties filed a memorandum satisfying the Court that it has subject matter jurisdiction under 28 U.S.C. § 1332. *See* R. 26.

[2]Citation to the docket is "R." followed by the entry number and, when necessary, the relevant page or paragraph number.

transfer because, in summary, there is a related lawsuit over insurance coverage already pending in the Central District of Illinois at the summary judgment stage, and McFatridge's costs of defense are being incurred in the Central District of Illinois.

I.

In 1987, two men were prosecuted and convicted for murder in the Circuit Court of Edgar County, Illinois, which is in the Central District of Illinois. R. 23, Def's Mot. to Transfer at 2 ¶ 6. Both men were prosecuted by Michael McFatridge, who was the State's Attorney of Edgar County. *Id.* at 2-3 ¶¶ 6, 12. The convictions were later vacated and the two men were released from prison. *Id.* at 2 ¶ 7. After winning their freedom, the two men filed separate 42 U.S.C. § 1983 complaints against McFatridge in the Central District of Illinois. *Id.* at 2 ¶ 8. Ekl Williams, a law firm, rendered legal services defending McFatridge in these two lawsuits. Id. at 4 ¶¶ 17, 19. The Ekl Williams law firm is organized as an Illinois limited liability company with its principal place of business in Illinois. *Id.* at 1 ¶ 2. The case before this Court involves payment for the legal services provided by Ekl Williams to McFatridge.

But this case is not the first involving the payment for McFatridge's defense. In March 2007, the Scottsdale Indemnity Company and the National Casualty Company (collectively referred to as Scottsdale for convenience) filed suit in the Central District of Illinois, seeking a declaration that they owed no duty to defend or indemnify McFatridge in the underlying lawsuits. R. 23 at 2-3 ¶¶ 10, 12.[3]

---

[3]Scottsdale Indemnity Company is an Ohio corporation with its principal place of business in Arizona. R. 23 at 1. National Casualty Company is a Wisconsin corporation with

In that 2007 lawsuit, the District Court for the Central District of Illinois held that Scottsdale did not owe a duty to defend McFatridge and granted Scottsdale's motion for summary judgment, and the judgment was affirmed by the Seventh Circuit in April 2010. *Id.* at 3 ¶ 13 (citing *National Casualty Co. v. McFatridge*, 604 F.3d 335 (7th Cir. 2010)). In between the summary judgment in the district court and the Seventh Circuit affirmance, in December 2009 Scottsdale filed another suit in the Central District of Illinois, this one seeking (1) a declaration that White Mountains and Imperial Casualty and Indemnity Company (collectively referred to as White Mountains) owes a duty to defend and indemnify McFatridge; and (2) reimbursement from White Mountains of past payments made defending McFatridge. *Id.* at 3 ¶ 14. White Mountains filed a cross-claim, seeking a declaration that it owed no duty to defend or indemnify McFatridge. *Id.*, Ex. E. In the 2009 Central District litigation, Scottsdale, White Mountains, and McFatridge all filed motions for summary judgment seeking a determination of (1) the extent to which White Mountains is responsible for defending and indemnifying McFatridge and (2) how much White Mountains must pay or reimburse Scottsdale. *Id.*, Ex. F.

In July 2010, Ekl Williams filed this suit, originally in DuPage County Circuit Court, against all the defendants in the present case. The complaint was based on

---

its principal place of business in Arizona. *Id.* White Mountains Re Solutions is a foreign company with corporate headquarters located in Bermuda and its principal executive office located in Connecticut. *Id.* at 2. Imperial Casualty and Indemnity Company is a predecessor of White Mountains Reinsurance Company of America and is a New York corporation with its principal place of business located in New York. *Id.*

payments allegedly owed to Ekl Williams for legal services rendered. R.1, Def's Notice of Removal ¶ 1. The case was removed, based on diversity jurisdiction, to federal court in the Northern District of Illinois. In its current motion before the Court, Scottsdale requests that this Court transfer venue to the Central District of Illinois under 28 U.S.C. § 1404(a). R. 23.

## II.

"Congress has codified the doctrine [of forum non conveniens] and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007); *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 717-18 (7th Cir. 2002). More specifically, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under § 1404(a), the moving party bears the burden of establishing that (1) venue is proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and witnesses and is in the interest of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir.1986) (citations omitted). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* at 219.

The parties in the present case do not dispute that venue and jurisdiction are proper in both the Northern and Central Districts of Illinois. Therefore, this Court will

turn to whether transfer will serve the convenience of the parties and witnesses and promote the interests of justice. In making this determination, the Court must look to both private and public interests. *Research Automaton v. Schrader-Bridgeport International*, 626 F.3d 973, 978 (7th Cir. 2010). Private interests include: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) the convenience to the witnesses and parties. *Id.* Factors traditionally considered in the public interest analysis, also known as the "interest of justice" factors, include the congestions of the respective court dockets, prospects for a speedy trial, and the courts' familiarity with the applicable law. *Id.* 978; *Coffey*, 796 F.2d at 221. District courts may make any necessary factual findings when determining venue issues. *In re LimitNone, LLC,* 551 F.3d 572, 577 (7th Cir. 2008). The weight accorded to each factor is committed to the sound discretion of the Court. *Coffey*, 796 F.2d at 219.

### III.

### A.

#### 1. Choice of Forum / Location of Events

The Court first considers the private-interest factors. Normally, a plaintiff's choice of forum is afforded substantial deference, but only if the chosen forum is related to the case. *Research Automation v. Schrader-Bridgeport Int'l*, 626 F.3d 973, 979 (7th Cir. 2010). Moreover, the Court must consider all of the relevant factors, not just choice of forum.

5

As the plaintiff, Ekl Williams did choose to sue in the Northern District, where the firm is based, and argues that litigating in the Central District would be inconvenient, R. 27, Pl.'s Response at 6. But, as Scottsdale points out, R. 29 at 2, the inconvenience is lessened because Ekl Williams represents McFatridge in the two § 1983 lawsuits pending in the Central District. Moreover, the deference to Plaintiff's choice of forum is outweighed here because the events leading to the present dispute all transpired within the Central District. McFatridge received Ekl Williams' legal services in the Central District. *Id.* Even Ekl Williams acknowledges that the reasonableness of the incurred attorney's fees and costs would be a dispute in this case, R. 27 at 8, and those fees and costs have been incurred in defending lawsuits pending in the Central District. Moreover, the § 1983 lawsuits are based on McFatridge's conduct while he was State's Attorney of Edgar County. R.23, Ex. A, B. The insurance policy contracts at issue are alleged to have covered the Edgar County government and McFatridge, both of which are located in the Central District of Illinois. *Id.*, Ex. D. Therefore, the Central District of Illinois has a stronger relationship than our district to the dispute.

### 2. Ease of Access to Evidence

In light of the Central District's relationship to the underlying events, it is not surprising that access to evidence would be easier in the Central District. The Central District is where (1) the underlying § 1983 lawsuits are pending; (2) the parties and witnesses involved in entering the insurance contracts are more likely to be located; and (3) the contracts, records, or other related documents are likely to be housed. In

addition, beyond the insurance contracts themselves, even accepting Ekl Williams's argument that the reasonableness of the incurred attorney's fees and costs is the only central dispute in this case, R. 27 at 8, that factual inquiry is dependent on an examination of the § 1983 lawsuits, pending in the Central District, including (to name just a few factors) the lawsuits' respective allegations, what investigation and discovery has occurred there, what legal issues have been briefed, and what the market rate for attorney's fees is in the Central District. Therefore, transferring this case to the Central District improves access to the sources of evidence.

### 3. Convenience to the Witnesses and Parties

"With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research*, 626 F.3d at 978. "Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Id.*

Neither party indicates that any witnesses will be called to testify at a trial. Scottsdale states that "it is unlikely that witnesses will be required." R. 23 at 9. Ekl Williams states that "the only possible dispute in this case, if one exists, would center on the amount and reasonableness of the attorney fees and costs." R. 27 at 8. The claims at the heart of the dispute involve whether the insurance companies owe payments to Ekl Williams. As such, it is unlikely that there will be many third-party witnesses.

7

Ekl Williams argues that transferring the case to the Central District of Illinois will be a great inconvenience because the firm resides in the Northern District of Illinois. Scottsdale, however, correctly points out that Ekl Williams is representing McFatridge in two lawsuits, "both of which are currently pending in the Central District." R. 29 at 2. Thus, the inconvenience imposed on Ekl Williams is diminished in light of the firm's presence there.

**B.**

With regard to the public-interest factors, "'interest of justice' is a separate component of a § 1404(a) transfer analysis, and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220 (internal citations omitted). "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system," such as likelihood of a speedy trial, feasibility of consolidation, and in a diversity-jurisdiction case, familiarity of judges with applicable law. *Id.* at 221.

**1.  Judicial Efficiency**

In analyzing efficient judicial administration, courts examine "docket congestion and likely speed to trial in the transferor and potential transferee forums." *Research*, 626 F.3d at 978. According to the Federal Court Management Statistics for the twelve-month period ending in September 2010, the average civil-case filings per judgeship in the Northern District of Illinois was 402, with a median time from filing

8

to disposition of 6.2 months.[4]  In the Central District of Illinois, during the same time period, the average civil-case filings per judgeship was 284, with a median time for disposition of 10.8 months.  These statistics render the docket-congestion factor a wash: there are a greater number of cases filed per judgship in the Northern District, but the disposition time is shorter.

### 2. Familiarity with Applicable Law

With regards to the courts' familiarity with the applicable law, it appears that neither forum has an edge.  The six counts listed in the amended complaint are based on Illinois state law.  R. 12, Am. Compl. at 5-11.  Both forums are located in Illinois and are equally experienced in interpreting Illinois state law.

### 3. Feasibility of Consolidation

"[Related litigation should be transferred to a forum where consolidation is feasible." *Coffey*, 796 F.2d at 221.  The present case is about a claim for payment and reimbursement for legal fees from a group of insurance companies.  In its response brief, Ekl Williams argues that "there are no legal issues to be decided in the Central District that would affect [our] right to recover this debt."  R. 27 at 7.  The pending Scottsdale lawsuit (the one filed in 2009) in the Central District, however, is indeed related to this case.  In the 2009 lawsuit, Scottsdale, White Mountains, and McFatridge all filed motions for summary judgment seeking a determination of (1) the extent to which White Mountains is responsible for defending and indemnifying McFatridge and

---

[4]The statistics may be found at the website of the United States Courts, specifically, at www.uscourts.gov/Statistics/FederalCourtManagementStatistics.aspx.

9

(2) how much White Mountains must pay or reimburse Scottsdale. R. 23, Ex. F. In other words, the Central District lawsuit will determine which insurance companies are liable for paying the legal fees owed to Ekl Williams. In Ekl Williams's amended complaint, the law firm seeks a declaratory judgment on the same issue:

> declare that Defendants, Scottsdale Indemnity Company, National Casualty Insurance Company, Imperial Casualty and Indemnity Company, and White Mountains Insurance Group, Ltd., had a duty to defend and are equally, jointly, and severally liable for the reasonable attorneys fees and costs incurred by Ekl Williams LLC . . . .

R. 12 at 5. Furthermore, Ekl Williams acknowledges that the reasonableness of the incurred attorney's fees and costs is a potential dispute in this case, R. 27 at 8, and that dispute could also arise in the Central District lawsuit after that court decides which insurance company (if any) bears the duty to defend. Although this Court of course cannot decide whether this case, once transferred, must be consolidated with the pending Central District case, there is sufficient overlap to make consolidation feasible.

**IV.**

In light of the balance of factors discussed above, this case should be transferred. The Central District is (1) home to a related lawsuit over who bears the duty to defend McFatridge; (2) deciding the cross motions for summary judgment in the December 2009 lawsuit; and (3) deciding the underlying § 1983 cases against McFatridge, where the attorney's fees and costs are being incurred. Scottsdale's motion to transfer venue (R. 23) to the Central District of Illinois is granted.[5]

ENTERED:

*Edmond E. Chang*
———————————————
Honorable Edmond E. Chang
United States District Judge

March 2, 2011

---

[5] Plaintiff's motion for judgment on the pleadings (R. 18) is terminated as moot in light of the transfer.